# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| ROBERT PHILLIPS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:17-cv-00846 |
|  | ) | CHIEF JUDGE CRENSHAW |
| DONALD J. TRUMP, USA President, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Before the Court is a document filed by the Plaintiff in this action on November 28, 2017, titled "Reopen." (Doc. No. 11.) The Court construes the document as a motion to reopen the case following a Rule 41 voluntary dismissal. As set forth herein, the motion to reopen is **DENIED** on the basis of futility, as the Court lacks subject-matter jurisdiction over Plaintiff's claims.

## I. Procedural Background

This case was dismissed and judgment was entered on June 26, 2017 (Doc. Nos. 9, 10), as a result of the Plaintiff's having filed a Motion to Withdraw Case (Doc. No. 8), which the Court construes as motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. Because the opposing party—the President of the United States—had not yet entered an appearance, Plaintiff did not need to seek leave of Court to voluntarily dismiss. Fed. R. Civ. P. 41(a)(1)A)(i).

On January 23, 2018, almost seven months after entry of judgment and two months after filing his motion to reopen, the Plaintiff filed a Notice of Appeal—along with the $505.00 appellate filing fee— giving notice of his intent to appeal the June 26, 2017 dismissal of his case. (Doc. No. 12.) The district court typically loses jurisdiction of a case once a notice of appeal is

filed. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 683 (6th Cir. 1999). However, the district court retains jurisdiction when the notice of appeal is untimely, because the appellate court lacks the jurisdiction to rule on the merits of the appeal. FHC Equities, 188 F.3d at 683. In this case, the Notice of Appeal, having been filed well past sixty days after entry of judgment, is clearly untimely. Fed. R. App. P. 4(a)(1)(B). The Court therefore retains jurisdiction for purposes of considering the motion to reopen.

## II.   Subject-Matter Jurisdiction

The Court has the inherent power and, indeed, obligation to dismiss a matter if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). It follows logically that, if the Court lacks subject-matter jurisdiction over an action, then granting a motion to reopen it would be futile.

The Complaint in this action seeks judgment against the President of the United States based on official actions taken and policy decisions made while in office, including "depriving liberty to women, to minorities, and to Islam," "continu[ing] to own large holdings . . . during Presidency," "firing/removing former FBI Director James Comey," and "publically asking Russia to ~attack~ the United States' internet." (Doc. No. 1, at 2.) Rather than damages, Plaintiff seeks equitable relief in the form of giving the President "the opportunity to admit to treason and/or crimes against humanity in open court" and the institution of formal impeachment proceedings, among other similar relief. (Doc. No. 1, at 3.)

In other words, Plaintiff is essentially attempting to bring criminal charges against the President and to institute impeachment proceedings against him, neither of which he has standing to do. A private citizen lacks standing to initiate criminal proceedings or to compel the state to pursue a criminal action. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973); <u>Associated Builders & Contractors v. Perry</u>, 16 F.3d 688, 692–93 (6th Cir. 1994). And it is well established that, because the United States Constitution confers upon the House of Representatives and the Senate, respectively, the power to impeach and the power to try all impeachments, "a federal court cannot exercise judicial authority to order impeachment of the President of the United States or to conduct an impeachment proceeding." <u>Hyland v. Clinton</u>, 208 F.3d 213 (Table), 2000 WL 125876, at *1 (6th Cir. 2000) (citing U.S. Const. Art. I, § 2, cl. 5 and Art. I, § 3, cl. 6).

Moreover, the Complaint largely encompasses general political grievances without alleging that Plaintiff personally suffered a concrete injury as a result of the President's actions. To bring a lawsuit over which this Court may exercise jurisdiction under Article III of the Constitution, Plaintiff must have standing to sue. See <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). To establish Article III standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." <u>Id.</u> (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559–60 (1992)).

Plaintiff here does not allege that he has suffered a direct and immediate violation of his own constitutional or other federal rights. Rather, he disagrees with the President's political positions and conduct while in office and contends that those actions have "damaged the Earth by scaling back environmental protections." (Doc. No. 1, at 2.) The Supreme Court, however,

has made it clear that "a plaintiff claiming only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573–74.

Because Plaintiff lacks standing, the Court lacks subject-matter jurisdiction over this action. Further, it is apparent that amending the Complaint could not cure the deficiencies identified. Where a plaintiff's claim is "totally implausible" and the Court lacks subject-matter jurisdiction, the district court is not required to afford the plaintiff the opportunity to amend his complaint. Apple v. Glenn, 183 F.3d 477, 479–80 (6th Cir. 1999). Reopening the case would be futile.

The motion to reopen the case is therefore **DENIED**. The Clerk is directed to send a copy of this Order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE